[Civ. No. 68503. Second Dist., Div. Five. Sept. 30, 1983.]

SKYWAY AVIATION, INC., Plaintiff and Appellant, v.
LLOYD E. TROYER, Defendant and Appellant.

**COUNSEL**

Bledsoe, Cathcart, Boyd, Eliot & Curfman and John R. Brydon for Plaintiff and Appellant.

Steinhart, Falconer & Morgenstein, Dov M. Grunschlag and Jeffrey R. Williams for Defendant and Appellant.

**OPINION**

**RUTBERG, J.*—**

### STATEMENT OF FACTS

Plaintiff and appellant Skyway Aviation, Inc., (Skyway) operates an aircraft rental business at the San Carlos Airport in San Mateo County, California. In December of 1975, Skyway leased to defendant and appellant Lloyd E. Troyer (Troyer) a single-engine six-passenger airplane. On December 30, 1975, the rented aircraft flown by Troyer was damaged during a landing in Mexico. An action was filed by Skyway for retrieval and repair costs in the stipulated amount of $9,474.21. Skyway's complaint alleged causes of action based on breach of contract and negligence on the part of Troyer. The case was tried before a jury, and the issues were submitted to the jury on a special jury verdict form. The jury found, among other things, that Troyer breached the lease agreement, that the breach was not the proximate cause of the accident, but that the accident was proximately caused by Troyer's negligence.

A written lease agreement was executed by Troyer prior to his flight to Mexico which provided in pertinent part that:

"9. I agree to pay for any loss or damage to the aircraft . . . caused in whole or in part by . . . my negligence.

"17. I expressly agree to and hereby indemnify and hold lessor harmless of, from and against any and all loss, costs, damages, attorney's fees and/ or liability in connection with the foregoing contract. Skyway Aviation, Inc., maintains a one million dollar liability insurance policy for property damage and personal injury and an actual cash value policy on the aircraft hull. However, you are hereby notified that NO non-owner's rental insurance coverage is being provided to cover your liability for bodily injury and property damage you may cause as an operator of any aircraft covered by our rental agreement."

Troyer raised the affirmative defense that Skyway was estopped to assert Troyer's noncoverage under Skyway's insurance policy issued by Republic Insurance Company because of representations, made both orally and in the lease agreement, that Troyer was covered under the insurance policy and would be liable only for the $500 deductible.

---

*Assigned by the Chairperson of the Judicial Council.

On the issue of estoppel, the trial court asked the jury to answer three questions which were part of a special verdict form. These were answered by the jury as follows:

"*Issue No. 8.* Did Plaintiff know, or in the exercise of reasonable care should it have known, that defendant was not covered for damage to the aircraft which defendant rented?

"Answer 'yes' or 'no'. *No*

"If your answer is 'yes,' answer the next question; if your answer is 'no,' go to Issue No. 11.

"*Issue No. 9.* Did plaintiff lead defendant to believe he was covered?

"Answer 'yes' or 'no.' [*Not answered.*]

"If your answer is 'yes,' answer the next question; if your answer is 'no,' go on to Issue No. 11.

"*Issue No. 10.* Did defendant reasonably rely upon this representation?

"Answer 'yes' or 'no.' [*Not answered.*]"

Judgment was entered in favor of Skyway in the amount of $9,761.41. Skyway filed a memorandum of costs and disbursements requesting, inter alia, attorney's fees. After hearing on Troyer's motion to tax costs, Skyway's request for attorney's fees was denied by the court. Troyer also filed a motion for a new trial which was denied by the trial court. Troyer filed a notice of appeal on May 27, 1980, and on June 3, 1980, Skyway filed a notice of cross-appeal.

## ISSUE ON APPEAL

The sole issue on appeal is whether the record contains sufficient evidence to support the jury's special finding that Skyway neither knew nor reasonably should have known that Troyer was not covered by insurance for the damage to the leased aircraft. On this issue we find that there was substantial evidence to support the jury's special finding.

## ISSUE ON CROSS-APPEAL

Skyway, in its cross-appeal, contends that the trial court committed error by failing to award attorney fees to Skyway pursuant to the provisions in

the lease agreement heretofore referred to. As to this issue, we reverse the lower court's ruling.

## ESTOPPEL

■ The fundamental principle governing the scope of a reviewing court's power and authority in determining issues of sufficiency of the evidence has been amply stated and applied in virtually hundreds of cases. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 245, pp. 4236-4237 and cases cited therein.) As the court stated in *Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183]: "In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court."

The principle is not based on whether or not there is substantial conflict in the evidence, but rather whether there is substantial evidence in favor of the respondent. If such evidence is present, even though it may be slight in comparison with the contradictory evidence, the judgment must be affirmed. In essence, the appellate court looks only at the evidence supporting the prevailing party and disregards the contrary showing. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 249, p. 4241.)

■ Applying the foregoing principle to the instant case, we find that there is substantial evidence to support the jury's special finding that Skyway did not know nor in the exercise of reasonable care should it have known that Troyer was not covered by insurance for damage to the rented aircraft. Edwin Kerner, who was the president and general manager of Skyway, testified that prior to leasing the airplane Troyer was informed by Skyway that there was a $500 deductible for any accident, but that if the accident was due to Troyer's negligence or if he had violated a Federal Aviation Regulation (FAR), he would then be responsible for the entire damage. Apparently this was not only explained to Troyer, but it was Skyway's policy to give this explanation to all lessee pilots. Kerner further testified that he never told Troyer that Skyway's hull coverage did not protect him. However, when asked by Troyer's counsel if he knew prior to renting the aircraft that the hull insurance did not cover Troyer, Kerner testified that "The hull coverage would have covered Mr. Troyer if Mr.

Troyer had not broken any regulations and [he] followed the letter of this agreement." Based on Kerner's testimony alone, the jury could have reasonably drawn the inference that not only did Skyway not know that Troyer was not covered by Skyway's hull policy, but that Skyway (through Kerner, its operating officer and general manager), in fact believed that Troyer was covered by said insurance provided that Troyer was not negligent, did not violate any FAR rules, and complied with the terms and provisions of the lease agreement.

Troyer testified that he had a conversation with either Kerner or a Mr. Twitty of Skyway at the time he signed the lease agreement. He was advised that there was a $500 deductible on Skyway's hull insurance. This portion of his testimony is not in conflict with Kerner's version and supports the reasonable inference that Skyway, as well as Troyer, was operating on the assumption that Skyway's hull insurance would cover Troyer, subject to a $500 deductible, if an accident occurred.

### ATTORNEY'S FEES

■ Skyway contends that the trial court committed an error in not awarding attorney fees under paragraphs 9 and 17 of the lease agreement, heretofore set forth. The trial court's refusal to award attorney's fees was based on the finding that the suit was primarily an action in tort and that the jury found that the accident was not caused by a breach of contract. Skyway argues that the contract provided for attorney fees to be awarded in the event that suit became necessary to enforce any of its provisions. The jury specifically found that Troyer had breached the terms of the lease agreement, that he was negligent and that his negligence was the proximate cause of the accident.[1]

Except as attorney's fees are specifically provided for by statute, the measure and mode of payment of attorney's is left to the express or implied agreement of the parties. (Code Civ. Proc., § 1021.)

■ The parties to a contract may validly agree to allow for the award of attorney's fees, even though the suit is based on tort rather than contract.

[1]The jury's specific findings on these issues were as follows:
"*Issue No. 1.* Did defendant breach the contract between plaintiff and defendant?
"Answer 'yes' or 'no.'                                                                *Yes*
"*Issue No. 2.* Was defendant's breach of the contract a proximate cause of the accident?
"Answer 'yes' or 'no.'                                                                *No*
"*Issue No. 3.* Was defendant negligent?
"Answer 'yes' or 'no.'                                                                *Yes*
"*Issue No. 4.* Was defendant's negligence a proximate cause of accident?
"Answer 'yes' or 'no.'                                                                *Yes*"

(See *Malibou Lake Mountain Club, Ltd.* v. *Smith* (1971) 18 Cal.App.3d 31, 35 [95 Cal.Rptr. 553].)  ▮  In paragraphs 9 and 17 of the lease agreement, Troyer expressly promised to pay for all damages caused by his negligence and further to pay for any attorney's fees "in connection with" the enforcement of that contractual promise. Skyway, in enforcing said promise, was required to plead and prove Troyer's negligence. Skyway carried this burden and thus is entitled to its reasonable attorney's fees pursuant to the terms of the lease agreement. We agree with Skyway's contention that the trial court's ruling in effect *voids* the express agreement of the contracting parties. That agreement stated that if the issue of damages attributable to Troyer's negligence had to be litigated, Skyway would be entitled to recover its attorney's fees if it prevailed. Skyway's recovery, based on Troyer's negligence, was not, as Troyer argues, independent of said lease agreement. Rather, it constituted an enforcement of the provisions contained therein. (See *Malibou Lake Mountain Club, Ltd.* v. *Smith, supra,* at p. 35.)

Attorney's fees should have been awarded to Skyway. Such fees are recoverable as costs. (*Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227, 232 [136 Cal.Rptr. 549].)

The judgment is reversed on the issue of attorney's fees only. The trial court is to determine the amount of reasonable attorney's fees as part of Skyway's costs. The judgment is otherwise affirmed.

Feinerman, P. J., and Stephens, J., concurred.