[No. A064503. First Dist., Div. Four. Mar. 24, 1995.]

JUN W. JUE et al., Cross-complainants and Respondents, v.
MIKE PATTON et al., Cross-defendants and Appellants.

**COUNSEL**

Godfrey L. Munter, Jr., Duane W. Dresser and Thomas L. Bloxham for Cross-defendants and Appellants.

Wendel, Rosen, Black & Dean, Charles A. Hansen and Steven M. Morger for Cross-complainants and Respondents.

## OPINION

**PERLEY, J.**—Mike Patton and Margaret Tam (appellants) appeal from an order denying attorney fees pursuant to a real estate sales contract. They contend that as prevailing parties they are entitled to attorney fees under Code of Civil Procedure sections 1032 and 1033.5. We affirm.

### FACTUAL BACKGROUND

This litigation arises from a dispute concerning the purchase and sale of apartment buildings pursuant to a written agreement. Respondents were the purchasers of the buildings while Tam was the seller and Patton was Tam's agent under the agreement. Respondents financed the purchase of the buildings by assuming a loan held by Bay View Federal Savings (Bay View). In April 1992, Bay View filed the underlying complaint in this action for judicial foreclosure based on the allegation that respondents failed to make the required payments on the loan. In June 1992, respondents filed a cross-complaint against appellants alleging intentional and negligent misrepresentation and other tort claims as well as requesting rescission and equitable indemnity. In May and June of 1993, the parties discussed settling the cross-complaint. The parties were unable to settle the matter and subsequently, respondents filed a request for voluntary dismissal of their cross-complaint without prejudice. Dismissal was entered as requested in July 1993. Appellants thereafter moved for an award of attorney fees and costs. The trial court found that appellants were prevailing parties pursuant to Code of Civil Procedure[1] section 1032 and awarded appellants costs including attorney fees pursuant to sections 1021, 1032 and 1033.5.

Following entry of the trial court's order, respondents moved for reconsideration of the order, contending appellants were not entitled to attorney fees because under Civil Code section 1717, there is no prevailing party when an action is voluntarily dismissed. The trial court granted the motion and denied appellants an award of attorney fees.

### DISCUSSION

■ Appellants contend that because the cross-complaint alleged tort causes of action arising from a purchase and sale agreement which has an attorney fee provision, that they, as the prevailing parties, are entitled to

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

attorney fees under sections 1032 and 1033.5.[2] They rely on a series of cases in which attorney fees were awarded to the prevailing party on tort claims which were based on a contract containing a provision for attorney fees incurred in any action "arising out of" the contract. (See *Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1343-1345 [5 Cal.Rptr.2d 154]; *Lerner* v. *Ward* (1993) 13 Cal.App.4th 155, 160-161 [16 Cal.Rptr.2d 486]; *Palmer* v. *Shawback* (1993) 17 Cal.App.4th 296, 299-301 [21 Cal.Rptr.2d 575].) None of those cases, however, involved the situation here where the action was voluntarily dismissed.

For example, in *Xuereb,* the defendants prevailed in an action alleging that real property was delivered in a defective condition. At trial, the plaintiffs also proceeded on a breach of contract claim but dropped the contract theory after the conclusion of testimony. The trial court denied the defendants attorney fees which were sought pursuant to a provision in the purchase agreement for attorney fees to the prevailing party " 'if this Agreement gives rise to a lawsuit or other legal proceeding.' " (*Xuereb* v. *Marcus & Millichap, Inc., supra,* 3 Cal.App.4th at p. 1340.) Division Three of this court held that the plaintiffs were entitled to attorney fees under section 1021[3] because the tort causes of action arose from the contract. "Under [section 1021], the allocation of attorney fees is left to the agreement of the parties. There is nothing in the statute that limits its application to contract actions alone. It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." (3 Cal.App.4th at p. 1341.) The court concluded that attorney fees were awardable pursuant to the purchase agreement because the attorney fee provision was broad enough to encompass both tort and contract actions and that "*but for* the Purchase Agreement by which the allegedly defective property was sold to respondents, the dispute between the parties would not have arisen." (*Id.* at pp. 1343-1344.)

Similarly, in *Lerner* v. *Ward, supra,* 13 Cal.App.4th at page 159, the plaintiffs proceeded on only a tort theory at trial and dismissed their contract claims. *Lerner* also involved a purchase agreement in a real estate transaction with a provision permitting attorney fees to the prevailing party in an

---

[2]Section 1032, subdivision (b) provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Section 1033.5 sets forth the items that are allowable as costs which include attorney's fees when authorized by contract, statute or law.

[3]Section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."

action " 'arising out of this agreement.' " (*Id.* at pp. 158-159.) The court held that the provision permitted attorney fees to the prevailing party on the tort claims under section 1021. (*Lerner* v. *Ward, supra,* at pp. 160-161; see also *Palmer* v. *Shawback, supra,* 17 Cal.App.4th at pp. 299-300 [following *Xuereb* and *Lerner* and holding that attorney fees are recoverable on tort action based on real estate purchase agreement].)

In the present case, however, both the contract and tort causes of action were voluntarily dismissed before trial. It is now well settled that in pretrial dismissal cases, the parties are left to bear their own attorney fees. (*International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 224-225 [145 Cal.Rptr. 691, 577 P.2d 1031].) In *Olen,* our Supreme Court held that "sound public policy and recognized equitable considerations require that we adhere to the prior practice of refusing to permit recovery of attorney fees based on contract when the plaintiff voluntarily dismisses prior to trial." (*Id.* at p. 223.) The court reasoned that "[i]n pretrial dismissal cases, we are faced with a Hobson's choice of either (1) adopting an automatic right to attorney fees, thereby encouraging the maintenance of pointless litigation and violating the equitable principles which should govern attorney fee clauses, (2) providing for application of equitable considerations, requiring use of scarce judicial resources for trial of the merits of dismissed actions, or (3) continuing the former rule, denying attorney fees in spite of agreement. We are satisfied that concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, whether claim is asserted on the basis of the contract *or* [Civil Code] section 1717's[4] reciprocal right." (*Id.* at p. 225, italics added.)

*Olen* is dispositive of the issue here. Recovery of attorney fees based on a contract provision is not permitted when the action is voluntarily dismissed prior to trial.

Appellant's argument that *Olen* is inapposite because of the 1990 amendment to section 1033.5 is without merit. Prior to 1990, there was some ambiguity as to whether to claim attorney fees as costs or to treat them as damages. (*Bankes* v. *Lucas* (1992) 9 Cal.App.4th 365, 370 [11 Cal.Rptr.2d 723].) In 1990, the Legislature amended section 1033.5 to resolve this ambiguity. The amendment to section 1033.5 was "remedial, intended only to clarify the procedural aspects for claiming attorney fees as costs." (9

---

[4]Civil Code section 1717, subdivision (a) provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. . . ."

Cal.App.4th at p. 370, fn. 3.) The Legislature expressly set forth this intent in section 2 of the act to amend section 1033.5: "The Legislature finds and declares that there is great uncertainty as to the procedure to be followed in awarding attorney's fees where entitlement thereto is provided by contract to the prevailing party. It is the intent of the Legislature in enacting this act to confirm that these attorney's fees are costs which are to be awarded only upon noticed motion, except where the parties stipulate otherwise or judgment is entered by default. . . ." (Stats. 1990, ch. 804, § 2.) Given this clear manifestation of the Legislature's intent, it is evident that the amendment to section 1033.5 was not intended to nor did it effect a change in the rule set forth in *Olen* that attorney fees are not recoverable in pretrial dismissal cases.

The judgment is affirmed. Respondents to recover costs on this appeal.

Anderson, P. J., and Poché, J., concurred.

Appellants' petition for review by the Supreme Court was denied June 22, 1995.