[No. C018102. Third Dist. Aug. 1, 1995.]

HONEY BAKED HAMS, INC., Plaintiff and Appellant, v.
E. ROBERT DICKENS, Defendant and Respondent.

422

**COUNSEL**

Karen R. Leder for Plaintiff and Appellant.

D. Robert Morris, Eisen & Johnston, Jay-Allen Eisen, Marian M. Johnston and Ann Perrin Farina for Defendant and Respondent.

## OPINION

**DAVIS, J.**—After plaintiff Honey Baked Hams, Inc. (HBH), voluntarily dismissed its action for unlawful detainer against defendant E. Robert Dickens, the trial court awarded the defendant his attorney fees pursuant to the express terms of the commercial lease between the parties. HBH appeals from the order, claiming the defendant may not recover attorney fees because HBH voluntarily dismissed the action. HBH further contends the fees awarded were excessive. We shall affirm.

There are few facts necessary for an understanding of this dispute. In March 1993, the defendant signed a commercial lease with HBH for space in a shopping center to operate a copying business. The attorney fees clause of the lease is contained in paragraph 23.7, which provides, "Cost of Suit. If Tenant or Landlord shall bring any action for any relief against the other . . . including any suit by Landlord for the recovery of rent or possession of the Premises, *the losing party* shall pay *the successful party* a reasonable sum for attorneys' fees which shall be deemed to have accrued on the commencement of such action and shall be paid *whether or not such action is prosecuted to judgment.*" (Italics added.) HBH filed an action in January 1994 for unlawful detainer for nonpayment of rent, which it dismissed two weeks later.[1] The defendant moved for an award of attorney fees, relying on the provision in the lease. The trial court granted the motion, fixing the amount of fees at $5,023.79.

## DISCUSSION

### I

The determination of the legal basis for an award of attorney fees is a question of law which we review de novo. (*Bussey* v. *Affleck* (1990) 225 Cal.App.3d 1162, 1165-1166 [275 Cal.Rptr. 646].) Since the facts are undisputed, the basis urged in the trial court by the party seeking attorney fees is not controlling. (*Ibid.*)

The broad right to contract for the recovery of attorney fees in the event of litigation stems from Code of Civil Procedure section 1021: "Except

---

[1]HBH evidently dismissed the action when it learned two of its agents had written conflicting letters to the defendant concerning the date on which substantial completion of repairs occurred, commencing the obligation to pay rent.

as attorney's fees are specifically provided by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. . . ." Under this statute, parties may agree upon allocation of attorney fees. (*Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1340 [5 Cal.Rptr.2d 154].) Claims for attorney fees based on contract (for which we adopt the shorthand "contractual fees") may generally be recovered as costs by noticed motion. (Code Civ. Proc., § 1033.5, subds. (a)(10)(A), (c)(5) [also allowing recovery on default judgment or by stipulation].)

■ In the lease which was the subject of HBH's unlawful detainer action, the parties contracted for the recovery of attorney fees from "the losing party" regardless of "whether or not such action is prosecuted to judgment." Thus, as a matter of *contractual interpretation*, Dickens is entitled to attorney fees regardless of the pretrial dismissal by HBH.[2]

In an attempt to escape the consequences of the language to which it agreed in the lease, HBH contends Civil Code section 1717, subdivision (b)(2) (section 1717),[3] abrogates negotiated provisions for recovery of contractual fees after a voluntary dismissal, relying in essence on *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031] (*Olen*). A recent decision of the Court of Appeal, also relying solely on *Olen*, is in accord, holding it is "well-settled" the "[r]ecovery of attorney fees based on a contract provision is not permitted when the action is voluntarily dismissed prior to trial." (*Jue* v. *Patton* (1995) 33 Cal.App.4th 456, 460 [39 Cal.Rptr.2d 364].) We respectfully disagree, concluding both

---

[2]In its tentative ruling, the trial court stated "[HRH] is clearly . . . the 'losing party' and defendant must be considered the 'successful party.'" The parties have not challenged this conclusion either in the trial court or on appeal (beyond HRH's argument that voluntary dismissal precludes finding a prevailing party under section 1717); indeed, the order drafted by the defendant for the trial court's signature does not even address this aspect of the tentative ruling. Although this consequently is not an issue embraced by this appeal, we note the defendant retained possession of the premises in an unlawful detainer action and avoided liability for any damages, whereas HRH achieved nothing in its efforts to evict him. As a result, for purposes of this round of the litigation, vis-à-vis each other the defendant must be considered the "successful" party and HRH the "losing party" under the dichotomy presented by the contractual language. This is not to say the seesaw might not topple the other direction if HRH were able to renew the action and gain some form of relief.

[3]In pertinent part, section 1717 provides, "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] . . . [¶] (b)(2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party *for purposes of this section*." (Italics added.)

that HBH and *Jue* have misconstrued the reach of *Olen*'s holding regarding the effect of a plaintiff's pretrial dismissal, and that *Olen*'s statement of the procedural law applicable to contractual fees has been superseded by subsequent legislation.

In general, section 1717's "only effect is to make an otherwise unilateral right to attorney fees reciprocally binding upon all parties to actions to enforce the contract." (*Xuereb* v. *Marcus & Millichap, Inc.*, *supra*, 3 Cal.App.4th at p. 1342.) "Because of its more limited scope, [section 1717] cannot be said to supersede or limit the broad rights of the parties pursuant to Code of Civil Procedure section 1021 to make attorney fee agreements." (*Ibid.*) Since the contract at issue here has a *bilateral* attorney fees provision, the defendant does not need to rely on section 1717 as a substantive basis for attorney fees. Consequently, by its own terms ("for purposes of this section") the statute has no direct application.

Central to HBH's argument to the contrary (and the holding in *Jue*) is the following language in *Olen*: "concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, *whether [the]* claim is asserted on the basis of the contract or section 1717's reciprocal right." (21 Cal.3d at p. 225, italics added.) In order to demonstrate this is *not* a holding that section 1717 limits the power to negotiate for contractual fees under Code of Civil Procedure section 1021, we must discuss *Olen*.

## II

In *Olen*, the plaintiff dismissed an action on a contract apparently allowing only the plaintiff to recover contractual fees. (21 Cal.3d at pp. 220-221.) The defendant sought attorney fees *pursuant to section 1717*. (21 Cal.3d at p. 222.) At the time of the decision, section 1717 provided that in an action to enforce a contract containing an attorney fees clause, ". . . the prevailing party, whether he is the party specified in the contract [for recovery of the fees] or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. [¶] . . . [¶] *As used in this section 'prevailing party' means the party in whose favor final judgment is rendered.*" (Stats. 1968, ch. 266, § 1, p. 578, italics added.)

The *Olen* majority first agreed with three Court of Appeal decisions which concluded voluntary dismissals do not result in a "final judgment" within the meaning of section 1717. (21 Cal.3d at p. 222; see *Hsu* v. *Abbara* (1995) 9 Cal.4th 863, 872 [39 Cal.Rptr.2d 824, 891 P.2d 804].)

The majority then turned to rules "applicable to contractual claims" in order to "implement legislative intent and determine which party is entitled to attorney fees . . . ." (*Olen, supra,* 21 Cal.3d at p. 223.) It first noted claims for contractual fees claims by defendants were procedurally barred after a voluntary dismissal by a plaintiff because they were not recoverable as costs—they had to be pled as special damages. (*Ibid.,* citing *Genis* v. *Krasne* (1956) 47 Cal.2d 241, 246 [302 P.2d 289].) The majority further noted case law holding that the enactment of section 1717 lifted this procedural bar. (*Olen, supra,* 21 Cal.3d at p. 223, citing *T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59 [112 Cal.Rptr. 910] [ruling a party seeking contractual fees can invoke section 1717 to recover fees as costs].)

Returning to its interpretation of section 1717, the majority concluded that in enacting the statute, the Legislature intended "equitable considerations" to play a factor in awarding attorney fees, "prevail[ing] over both the bargaining power of the parties and the technical rules of contractual construction." (*Olen, supra,* 21 Cal.3d at p. 224; see *Hsu* v. *Abbara, supra,* 9 Cal.4th at p. 872.) These "equitable considerations" precluded an automatic award of fees to a defendant where a plaintiff dismisses the case, because this may not necessarily reflect a lack of merit. (*Olen, supra,* 21 Cal.3d at p. 224.) At the same time, the majority did not wish to embroil trial courts in resolving the entitlement to fees on a case-by-case basis. (*Ibid.*) It thus settled on the outcome of "continuing the former rule, denying attorney fees in spite of agreement," because (to reiterate the language at issue) "concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, whether [the] claim is asserted on the basis of the contract or section 1717's reciprocal right." (*Id.* at p. 225.)

Read *in context,* it is apparent *Olen* was not making any broad pronouncement about the effect of section 1717 on the private contractual relations of consenting parties. ■ It is an axiomatic principle in interpreting judicial rulings that the ratio decidendi of a case must be determined by the facts before the court rendering it. (*In re Randy J.* (1994) 22 Cal.App.4th 1497, 1503 [28 Cal.Rptr.2d 152].) In *Olen,* it was necessary for the party seeking attorney fees to rely *exclusively* on section 1717, because the subject contract had a nonreciprocal attorney fee provision in favor of the other party. The discussion of claims for contractual fees was limited to the *procedural* bar to recovery following a plaintiff's pretrial dismissal and the manner in which *section 1717* provided relief from the bar. Thus, the language on which HBH (and *Jue*) rely simply pointed out (albeit in elliptical fashion) that neither a

defendant seeking substantive entitlement to fees by virtue of section 1717's reciprocity provisions nor a defendant claiming contractual fees *who invoked section 1717's procedure* could recover these fees as costs following a pretrial dismissal by the plaintiff.

As the preceding analysis demonstrates, the question of a defendant's claim for contractual fees enforced independent of section 1717 was not before the *Olen* court,[4] and cases are not authority for propositions not considered. (*In re Randy J., supra,* 22 Cal.App.4th at p. 1504, fn. 7.)

When the Legislature amended section 1717, adding what is now subdivision (b)(2), the Supreme Court described it as a codification of its *Olen* holding. (*Hsu* v. *Abbara, supra,* 9 Cal.4th at p. 873 [detailing amendments to the statute].) The *Olen* holding, as we have just explained at length, is limited to defendants relying on section 1717 to enforce a claim for attorney fees (whether or not contractually based). Thus, this is *all* the limitation in subdivision (b)(2) embraces. The statute does not purport to apply to *any* claim for contractual fees. To reiterate, the statute itself explicitly states there are no prevailing parties after a pretrial dismissal "for purposes of *this* section." (Italics added.)

### III

■ Unlike the situation at the time of *Olen*, a defendant seeking to recover contractual fees after a plaintiff's pretrial dismissal is no longer procedurally barred.[5] In 1990, the Legislature amended Code of Civil Procedure section 1033.5. As originally enacted, the statute allowed recovery of attorney fees as costs only as "authorized by statute." (Stats. 1986, ch. 377, § 13, p. 1580.) However, finding ". . . there is great uncertainty as to the procedure to be followed in awarding attorney's fees where entitlement thereto *is provided by contract* to the prevailing party," the Legislature

---

[4]Even if the language could be construed into an expression of opinion on this question, it would be self-evident dictum. While we accord substantial weight to Supreme Court dicta which is neither inadvertent or ill-considered (*Jaramillo* v. *State of California* (1978) 81 Cal.App.3d 968, 971 [146 Cal.Rptr. 823]), the absence of any consideration of such an impairment of the rights of consenting private parties to contract as they see fit does not put this dicta in that category.

[5]Although *Olen* had relied on the parallelism between such defendants and defendants recovering fees pursuant to section 1717 in its interpreting of the statute, the dichotomy which now exists simply reflects a legislative judgment not to provide for fees in the pretrial dismissal context, which parties are free to override in their contractual relations. This is the same dichotomy presented by the general legislative policy against recovery of attorney fees, which the parties are also free to override by contract.

declared its intent in the 1990 amendments "to confirm that these attorney's fees are costs . . . ." (Stats. 1990, ch. 804, § 2, p. 3552, italics added.) Subdivision (a)(10) of the statute thus allowed recovery of the fees as costs pursuant to statute *or* contract. (*Id.,* § 1.)[6] Nothing in the amendments limited this expansion of the costs statute to contractual claims enforced pursuant to section 1717. Indeed, another 1990 amendment provided *separately* that a claim for fees pursuant to section 1717 was to be treated the same procedurally as a contractual fees claim. (Stats. 1990, ch. 804 § 1, p. 3550.)[7] There would be no need to *include* section 1717's claims if they were the entire category of contractual claims that could invoke the costs statute. Thus, unlike in *Olen,* a defendant now has a procedural vehicle other than section 1717 to recover contractual fees as costs following a plaintiff's pretrial dismissal.[8] Dickens consequently was not foreclosed from seeking contractual fees when HBH dismissed its unlawful detainer action before trial.

## IV

As to the issue of the amount of fees awarded, we apply the abuse of discretion standard. (*Bussey* v. *Affleck, supra,* 225 Cal.App.3d at p. 1165.) HBH claims an award of over $5,000 to handle the unlawful detainer action, particularly when the amount of rent due was only $1,231.90, is preposterous.

In the trial court, the defendant pointed out HRH served its three-day notice to quit on the Friday of the three-day New Year's weekend after preparing it a month earlier. He also asserted HRH had been intransigent in discussions over whether there was even rent due. Although the trial court did not include any findings in its order, it stated at the hearing it had initially found the amount "awful high" but was familiar with defense counsel's work in this area and after a thorough review of the billings could not find any of the precisely detailed charges to be improper. It also noted there was a five-year tenancy at stake. (*Lerner* v. *Ward* (1993) 13

---

[6]The statute in its present form permits recovery of fees pursuant to statute, contract, or law.

[7]This provision appears in the current version as well. (Code Civ. Proc., § 1033.5, subd. (c)(5).)

[8]*Jue* may be correct in characterizing the 1990 amendments as a procedural change which did not intend to affect the *Olen* rule (33 Cal.App.4th at pp. 460-461), although the authority it cites discusses that changes in attorney fees provisions are generally considered "procedural" for purposes of *retroactive* application even where there is a substantive change in entitlement to fees. (*Bankes* v. *Lucas* (1992) 9 Cal.App.4th 365, 370, fn. 3 [11 Cal.Rptr.2d 723].) But this is beside the point, because we have concluded *Olen* has no effect in the present context.

Cal.App.4th 155 [16 Cal.Rptr.2d 486].) Having expressly considered HBH's complaints, the trial court exercised its discretion in reasoned fashion and we thus may not disturb its award of attorney fees on appeal.

## DISPOSITION

The order awarding attorney fees is affirmed.

Puglia, P. J., and Blease, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 26, 1995. Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.