78 F.3d 591
 RICO Bus.Disp.Guide 9001
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred ABDALLAH; Solomon Abdallah; and Alice Ovadia,
Plaintiffs-Appellants,
v.
UNITED SAVINGS BANK, a corporation, Standard Trust Deed
Service Company, Defendants-Appellees.
Fred ABDALLAH; Solomon Abdallah; and Alice Ovadia, Plaintiffs,
v.
UNITED SAVINGS BANK, a corporation; Standard Trust Deed
Service Company, Defendants-Appellees,
Richard Roby, Real-party-in-interest-Appellant.
Fred ABDALLAH; Solomon Abdallah; and Alice Ovadia,
Plaintiffs-Appellants,
v.
UNITED SAVINGS BANK, a corporation; Standard Trust Deed
Service Company, Defendants-Appellees.
 Nos. 94-15195, 95-15381, 95-15390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1996.*
Decided March 1, 1996.
 
 Before: BOOCHEVER, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Abdallah, Solomon Abdallah and Alice Ovadia (collectively Appellants) appeal the district court's dismissal, with prejudice, of their claim against United Savings Bank (United) and Standard Trust Deed Service (Standard). They alleged a violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO). In addition, Richard E. Roby, counsel for Appellants, appeals the district court's imposition of sanctions under Federal Rule of Civil Procedure 11 on the ground that Appellants' RICO claim was baseless and filed for the sole purpose of enhancing the settlement value of the case.[1] We dismiss in part, affirm in part and vacate and remand in part.
 
 DISCUSSION
 A. Dismissal of RICO Claim
 
 3
 The Racketeering Influenced and Corrupt Organizations Act "requires proof of '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " United Energy Owners Comm., Inc. v. United States Energy Management Sys., Inc., 837 F.2d 356, 362 (9th Cir.1988). In order to establish a pattern of racketeering activity, a plaintiff must allege at least two related predicate acts that "amount to or pose a threat of continued criminal activity." H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239-40, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989); see also Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir.1995); Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450 (9th Cir.1991).
 
 
 4
 In their motion for voluntary dismissal, Appellants admitted that they could not spell out a pattern of racketeering and, therefore, could not establish a RICO claim. From what the record shows, that is correct. In addition, Roby stated that there were insufficient facts to back the RICO claim and that the motivation for filing the RICO claim in the first place was to bolster the Appellants' bargaining position.
 
 
 5
 The district court did not err when it found that Standard and United would be prejudiced if the claim were dismissed without prejudice; the claim amounted to a strike suit. Cf. In Re Lowenschuss, 67 F.3d 1394, 1400-01 (9th Cir.1995). Thus, we affirm the district court's dismissal of the RICO claim with prejudice.
 
 B. Remand of State Law Claims
 
 6
 Once the district court dismissed Appellants' civil RICO claim, the remaining claims were state claims. The dismissal occurred early in the proceedings. The district court did not abuse its discretion when, pursuant to 28 U.S.C. § 1367(c)(3), it declined to exercise supplemental jurisdiction over the state claims. See Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir.1992), cert. denied, 507 U.S. 1004, 113 S.Ct. 1644, 123 L.Ed.2d 266 (1993).
 
 C. Rule 11 Sanctions
 
 7
 Rule 11 of the Federal Rules of Civil Procedure was amended effective December 1, 1993. One effect of the 1993 amendment was to make the imposition of sanctions discretionary instead of mandatory. Roundtree v. United States, 40 F.3d 1036, 1040 (9th Cir.1994). "It is generally a sound approach to afford the district court ' "an opportunity to exercise its discretion whether to impose sanctions under the amended version." ' " Moore v. Local 569 of Int'l Bhd. of Elec. Workers, 53 F.3d 1054, 1058 (9th Cir.1995), cert. denied, 64 U.S.L.W. 3271, 3440 (Feb. 20, 1996).
 
 
 8
 The district court imposed the sanctions under the version of Rule 11 in effect prior to the December 1, 1993 amendments because, it reasoned, the actions warranting sanctions and the filing of the motions for sanctions occurred prior to the effective date of the amendments. In that it erred; the newer version should have been applied. See Roundtree, 40 F.3d at 1040; Moore, 53 F.3d at 1058.
 
 
 9
 We agree that the threshold for Rule 11 sanctions against Roby was reached under either version of the rule. His reasons for signing and filing the complaint were inappropriate, and his suggestion that he did not understand what he was doing because he is not familiar with federal practice exacerbates matters. That kind of incompetence is not an excuse. Nevertheless, we cannot say that the district court would make the same decision under the amended version. It was well aware of that version and declined to apply it, even as an alternative. Perhaps the court would have exercised its discretion had it known it could.
 
 
 10
 Roby also challenges the amount of the sanctions. The district court ordered Roby to pay United the sum of $12,416.11 and Standard the sum of $12,842.37. These sums reflect the cost of defending the federal action minus the cost of work performed by counsel that would still be of use to United and Standard in the state proceedings. Both sums appear reasonable in light of the baseless nature of the RICO claim. However, the district court can, of course, reconsider the amounts on remand.
 
 
 11
 Therefore, although this is a case where sanctions would be appropriate, the sanction award is vacated and remanded so that the district court "can exercise its discretion under the amended version of Rule 11 as to the imposition, nature, and amount of sanctions, if any." Moore, 53 F.3d at 1058 (footnote omitted).
 
 D. Attorneys' Fees and Sanctions
 
 12
 United and Standard seek attorneys' fees based on provisions in the Deed of Trust and the Promissory Note. However, those provisions are not sufficiently broad to encompass a tort action like the RICO claim. Cf. Lerner v. Ward, 13 Cal.App. 4th 155, 160-61, 16 Cal.Rptr.2d 486 (1993); Xuereb v. Marcus & Millichap, Inc., 3 Cal.App. 4th 1338, 1342-43, 5 Cal.Rptr.2d 154 (1992). Thus, we decline to award attorneys' fees under California law.
 
 
 13
 Because this appeal is not entirely frivolous, we also decline to impose sanctions on appeal. See Wilks v. Reyes, 5 F.3d 412, 416 (9th Cir.1993).[2]
 
 CONCLUSION
 
 14
 DISMISSED as to appeal No. 94-15195, and appellees are awarded costs on appeal. AFFIRMED as to appeal No. 95-15390, and appellees are awarded costs on appeal. VACATED and REMANDED as to appeal No. 95-15381, and the parties shall bear their own costs on appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Appellants' March 6, 1995 notice of appeal serves to appeal both the district court's December 1993 order and its February 1995 order, appeal No. 94-15195 is unnecessary and is therefore, dismissed. See Fed.R.App.P. 4(a)(4)
 
 
 [2]
 Appellants fail to demonstrate "good cause why [they] did not file an affidavit requesting the trial judge to recuse himself under 28 U.S.C. § 144 ... [and] exceptional circumstances why [the court] should consider for the first time on appeal whether the trial judge should have disqualified himself under 28 U.S.C. § 455." Therefore, we decline to consider the question of whether the district court judge should have recused himself. See Weiss v. Sheet Metal Workers Local No. 544 Pension Trust, 719 F.2d 302, 304 (9th Cir.1983) (per curiam), cert. denied, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 821 (1984) (citation omitted)