[No. A056448. First Dist., Div. One. July 23, 1993.]

ALAN PALMER et al., Plaintiffs and Respondents, v.
GEORGE SHAWBACK et al., Defendants and Appellants.

COUNSEL

Charles J. Smith for Defendants and Appellants.

Salmon Quintero for Plaintiffs and Respondents.

OPINION

**DOSSEE, J.**—Defendants appeal from an order denying their motion for attorney fees. They contend they are entitled to an award of attorney fees after prevailing at trial, pursuant to the terms of a contract.

We reverse the order of the trial court and remand the matter for determination of a reasonable award of attorney fees.

### BACKGROUND

Plaintiffs filed a complaint asserting causes of action for breach of contract, rescission, fraud, concealment, and negligent misrepresentation. The complaint alleged that plaintiffs had purchased real property in Half Moon Bay from defendants, and that defendants had concealed or misrepresented

the condition of a septic tank and the existence of toxic waste on the property. Plaintiffs later amended their complaint to omit the cause of action for breach of contract.

After a jury returned special verdicts in favor of defendants on all causes of action and the court entered judgment in favor of defendants, defendants moved for attorney fees pursuant to a clause in the real estate purchase agreement and Civil Code section 1717.[1] The court denied defendants' motion, and defendants appeal.

DISCUSSION

Defendants contend that as prevailing parties in litigation arising out of the real estate purchase agreement, they are entitled to an award of attorney fees. They rely on Code of Civil Procedure section 1021, the language of the contract, and two recent Court of Appeal decisions. (See *Lerner* v. *Ward* (1993) 13 Cal.App.4th 155 [16 Cal.Rptr.2d 486]; *Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338 [5 Cal.Rptr.2d 154].)

Code of Civil Procedure section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."

Nothing in Code of Civil Procedure section 1021 limits its application to contract actions. (Compare Civ. Code, § 1717.) "It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract. [Citations.]" (*Xuereb* v. *Marcus & Millichap, Inc., supra,* 3 Cal.App.4th at p. 1341.)

Paragraph 18 of the real estate purchase agreement contains the following clause: ". . . In the event legal action is instituted by the Broker(s), or any party to this agreement, or arising out of the execution of this agreement or the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought."

---

[1]Civil Code section 1717 provides in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. . . ."

This action arose out of the execution of the purchase agreement and the sale. The language contained in paragraph 18 does not limit the recovery of attorney fees to contract actions and is similar to that found in *Xuereb*.[2] In *Xuereb*, from Division Three of this court, the plaintiffs alleged that real property had been delivered in defective condition. They pursued only tort causes of action. The defendants prevailed, and this court held they were entitled to an award of attorney fees because the tort causes of action arose from the purchase agreement. (*Xuereb* v. *Marcus & Millichap, Inc., supra,* 3 Cal.App.4th at pp. 1344-1345; see also *Lerner* v. *Ward, supra,* 13 Cal.App.4th at pp. 160-161 [defendant real estate sellers awarded attorney fees under similar contract provision after prevailing in suit for fraud].)

Plaintiffs do not dispute that an award of attorney fees might be appropriate under Code of Civil Procedure section 1021 and the contract language. ▆ Instead, they argue that because defendants did not move for attorney fees under section 1021 below, they cannot rely on that section on appeal.

▆ While the general rule is that new theories will not be considered on appeal, this court may consider a new theory or issue when it involves purely a question of law. (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501 [257 Cal.Rptr. 397].) ▆ Here, we are called on to interpret the terms of a written instrument and the language of a statute. There is no question of fact, only a question of law. (*Stevenson* v. *Oceanic Bank* (1990) 223 Cal.App.3d 306, 315 [272 Cal.Rptr. 757].) In addition, good cause exists for defendants' failure to cite Code of Civil Procedure section 1021 below,[3] as the cases they now rely on were decided after the trial court ruled on their motion. (See *J.L. Thomas, Inc.* v. *County of Los Angeles* (1991) 232 Cal.App.3d 916, 923, fn. 6 [283 Cal.Rptr. 815].)

Plaintiffs compare this case to *366-388 Geary St., L.P.* v. *Superior Court* (1990) 219 Cal.App.3d 1186 [268 Cal.Rptr. 678], in which the real parties in interest moved for relief from lease forfeiture pursuant to Code of Civil Procedure section 1179 in the trial court, then advanced an alternate statute, Civil Code section 3275, on appeal. (219 Cal.App.3d at pp. 1199-1200.) This court refused to consider the new grounds for relief from forfeiture, noting

---

[2] The provision in *Xuereb* provided: " 'Attorneys' Fees: If this Agreement gives rise to a lawsuit or other legal proceeding between any of the parties hereto, including Agent, the prevailing party shall be entitled to recover actual court costs and reasonable attorneys' fees in addition to any other relief to which such party may be entitled.' " (*Xuereb* v. *Marcus & Millichap, Inc., supra,* 3 Cal.App.4th at p. 1340.)

[3] Defendants did not cite Code of Civil Procedure section 1021 in their moving papers, but at the hearing on the matter the trial court recognized that section 1021 might apply in the instant case.

that the papers submitted in the trial court did not support relief under the alternate statute.

In *366-388 Geary St., L.P.*, the showing required for relief from forfeiture differed depending on which statute the real parties relied on, and the record did not support real parties' new basis for relief. Here, to the contrary, the basis for defendants' recovery of attorney fees, the contract clause, appears in the moving papers. As defendants point out, they are merely reiterating the same argument they made below, accompanied by new and different authority.

Plaintiffs suggest two additional reasons why defendants should not be allowed to recover attorney fees. ■ First, plaintiffs assert that defendants failed to plead that they were entitled to attorney fees. Second, plaintiffs argue the trial court, at defendants' invitation, weighed the equities and exercised its discretion when it declined to award attorney fees.

Defendants did request attorney fees in their answer to the original complaint. When plaintiffs filed their amended complaint less than one month before trial, the matter proceeded without defendants filing a new answer. It is too late now to complain that defendants were not required to file an answer to the amended complaint.

Plaintiffs cite no authority for their second reason. The real estate purchase agreement states the prevailing party "shall" recover its attorney fees. ■ A court may exercise its discretion when the application of a fee clause is uncertain, but here the meaning of the fee clause is plain. (See *Harvard Investment Co.* v. *Gap Stores, Inc.* (1984) 156 Cal.App.3d 704, 716-717 [202 Cal.Rptr. 891].) ■ Of course, the court does exercise its discretion when determining the amount of the fee award. (*Id.* at p. 717.)

The order denying the motion for attorney fees is reversed. The matter is remanded to the trial court to determine reasonable attorney fees at trial and on appeal. Defendants shall recover their costs on appeal.

Newsom, Acting P. J., and Stein, J., concurred.