Ming–Chu CHANG; Kang–Jye Chen; Ching–Chieh Chang; A.C.I. Trading Inc., Plaintiffs–Appellants,

and

Fu–Nan Chen, aka, George Chen, Plaintiff,

v.

Shu–Jen Tseng CHEN, Defendant,

and

Eugene Gabrych; Marian Gabrych; Eddie Lin, aka, Eddy C. Lin, aka, Chi–Chang Lin, Defendants–Appellees.

No. 94–55583.

United States Court of Appeals, Ninth Circuit.

Sept. 6, 1996.

Before: POOLE, BOOCHEVER and O'SCANNLAIN, Circuit Judges.

Ming–Chu Chang, Kang–Jye Chen, Ching–Chieh Chang and A.C.I. Trading, Inc. (collectively "Chang") sued Eugene Gabrych, Marian Gabrych and Eddie Lin (collectively "Prevailing Defendants") for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68 (1988). In a separate opinion filed April 4, 1996, we set forth the facts relating to Chang's claims and affirmed the district court's decision to dismiss the second amended complaint without leave to amend. *See Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). Prevailing Defendants have now filed motions seeking attorneys' fees. We deny these motions.

■ Prevailing Defendants cannot recover attorneys' fees pursuant to section 1964(c) of the RICO statute because they were prevailing defendants in this action. That provision only permits prevailing plaintiffs to recover fees. *See* 18 U.S.C. § 1964(c). *See also Religious Technology Ctr. v. Wollersheim,* 796 F.2d 1076, 1082–83 (9th Cir.1986) (discussing limited remedies conferred on private *plaintiffs* ), *cert. denied,* 479 U.S. 1103, 107 S.Ct. 1336, 94 L.Ed.2d 187 (1987). Prevailing Defendants concede this point. Nevertheless, they contend that the RICO statute does not preclude an award of attorneys' fees where the parties have entered into an agreement that entitles the prevailing defendants to recover attorneys' fees.

The RICO statute provides, in pertinent part, that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor ... and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). As noted above, this provision permits only prevailing plaintiffs to recover attorneys' fees. Courts, however, have never construed this provision as precluding a prevailing defendant from recovering attorneys' fees when authorized elsewhere. In fact, the Ninth Circuit has permitted prevailing RICO defendants to recover attorneys' fees pursuant to Fed.R.Civ.P. 11 when the suit filed was frivolous, *see, e.g., Stewart v. American Int'l Oil & Gas Co.,* 845 F.2d 196, 201 (9th Cir.1988); *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548, 559 (9th Cir.1986) (as amended), *cert. denied sub. nom., Barton v. E.F. Hutton & Co., Inc.,* 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 *and Alioto & Alioto v. E.F. Hutton & Co., Inc.,* 484 U.S. 823, 108 S.Ct. 85, 98 L.Ed.2d 47 (1987), and pursuant to Fed.R.Civ.P. 41(a) following a voluntary dismissal. *See, e.g., Unioil,* 809 F.2d at 559. The First Circuit has also expressly rejected the argument "that because RICO provides for an award of costs to plaintiffs, 18 U.S.C. § 1964(c), it implicitly bars costs for defendants even if elsewhere authorized." *O'Ferral v. Trebol Motors Corp.,* 45 F.3d 561, 564 (1st Cir.1995) (awarding costs to prevailing defendant in a RICO action pursuant to Fed. R.Civ.P. 54(d)(1)).

■ Because the RICO statute does not preclude prevailing defendants from recovering attorneys' fees when authorized elsewhere, we hold that it does not preclude prevailing defendants from recovering attorneys' fees when specified by an agreement of the parties. *Cf. Sea–Land Serv., Inc. v. Murrey & Son's Co. Inc.,* 824 F.2d 740, 744 (9th Cir.1987) ("An award of attorneys' fees to a litigant in federal court is improper in the absence of *a contract,* an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances.") (emphasis added). Because the parties could agree to permit a recovery of attorneys' fees by the prevailing RICO defendants, we must decide whether the parties entered into such an agreement in the present case.

The alleged pattern of racketeering activity in the present case consisted of three different real estate transactions. Each real estate transaction was consummated by written contract, which contained a clause stating that "[i]n the event legal action is instituted by the Broker(s), or any party to this agreement, to enforce the terms of this agreement, or *arising out of the execution of this agreement or the sale,* or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is sought." (Emphasis added). Each plaintiff was a party to one of these contracts.

The "arising out of" language does not limit an award of attorneys' fees to actions brought on a breach of contract theory. The language is broad enough to encompass both contract and tort actions. *See Palmer v. Shawback,* 17 Cal.App.4th 296, 299–300, 21 Cal.Rptr.2d 575 (1993); *Xuereb v. Marcus & Millichap, Inc.,* 3 Cal.App.4th 1338, 1342–43, 5 Cal.Rptr.2d 154 (1992). The *Palmer* and *Xuereb* cases make clear that prevailing defendants would have been entitled to attorneys' fees if any or all of the plaintiffs had brought unsuccessful claims of fraud or misrepresentation based on the various land sale contracts. The cases do not make clear,

however, whether a different result is warranted where, as here, the cause of action is a RICO claim.

There is one Ninth Circuit case that might seem to support the award of attorneys' fees here. In *Stitt v. Williams,* 919 F.2d 516 (9th Cir.1990), plaintiffs brought suit alleging a RICO claim and various state and federal securities claims. The court held that the prevailing defendants were entitled to attorneys' fees based on a provision in the partnership agreements which provided, in pertinent part, that in any "action in any ... way pertaining to Partnership affairs or this Agreement, the prevailing party shall be entitled to recover expenses, including attorney's fees." *Id.* at 530.

The agreement in *Stitt,* however, is broader than the ones at issue here. The *Stitt* agreement permitted an award of attorneys' fees when an action pertained in any way to the affairs of the partnership. In the present case, each agreement permitted an award of attorneys' fees only if the action arose out of the transaction relating to that agreement. Accordingly, *Stitt* does not dictate the result in the present case.

Here, the RICO action did not arise out of any one of the individual contracts. Rather, RICO's pattern requirement could be satisfied only because there were three land transactions. Although each of the three land sale contracts contained a provision permitting the prevailing party to recover attorneys' fees, no plaintiff signed all three contracts. Each plaintiff signed only one contract. Because each contract permitted an award of attorneys' fees only if the action arose out of the land transaction relating to that contract, and because the alleged RICO pattern did not result from any one contract, we deny Prevailing Defendants' motions for attorneys' fees.