116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, for the use of Western Gunite,
Inc., a California corporation, Plaintiff-Appellee,
v.
SAFECO INSURANCE COMPANY of AMERICA, a Washington
corporation, Metric Construction Co., Inc., a
California corporation, Defendants-Appellants.
 No. 96-55503.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1997.
Decided June 10, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-01607-IH, Irving Hill, Senior District Judge, Presiding.
 Before: HUG, Chief Judge; FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Metric Construction Company appeals from the judgment denying its request for attorneys' fees and costs, and Metric's surety, Safeco Insurance Company, from denial of costs, following a bench trial in which Metric and Safeco won on Western Gunite's claim under the Miller Act; Metric won on Western Gunite's breach of contract claim; and Western won on Metric's counterclaim. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Metric contends that California law governs its entitlement to attorneys' fees (no one disagrees), and that the district court failed to give effect to Cal.Civ.Proc.Code § 1021 by enforcing Article 21 of the subcontract which provides that the court "shall award reasonable attorney fees to the party justly entitled thereto." Metric argues that it is the party "justly entitled" to attorneys' fees because it did not initiate the litigation; it merely reacted to Western's commencement of court proceedings by asserting a small counterclaim in order to avoid losing leverage for settlement; handling of Western's claims took 99% of the time; Western sought $175,000 whereas Metric only sought $28,269; and Safeco and Metric made a Rule 68 offer to settle that was rejected. It relies on Scientific Holding Co., Ltd. v. Plessey Inc., 510 F.2d 15 (2d Cir.1974), to urge that it is entitled to fees despite failing to prevail on the counterclaim because it fended off Western's larger claim.
 
 
 4
 Further, Metric maintains that the district court misapprehended that the "prevailing party" standard of § 1717 of the Civil Code was controlling instead of § 1021 of the Code of Civil Procedure. Even if "prevailing party" analysis were applicable, however, Metric says that it was the prevailing party because Western lost more by comparison to demand than Metric, and the parties' main litigation objective was to prevail on Western's complaint. In any event, Metric submits, at minimum each party was prevailing because the results were mixed and it is entitled to recover reasonable attorneys' fees for all the time expended in defending Western's claims.
 
 
 5
 Typically, we review the district court's decision not to award attorneys' fees for an abuse of discretion. Resolution Trust Corp. v. Midwest Fed. Sav. Bank, 36 F.3d 785, 799 (9th Cir.1993). However, we review de novo whether the district court's denial of Metric's application for attorneys' fees was proper under California law and the provisions of the subcontract. See id.[1] We determine that it was.
 
 
 6
 Metric's contention that an award of attorneys' fees is mandatory to "the party justly entitled thereto" (Metric) fails because "the party justly entitled thereto" is an ambiguous phrase, requiring the district court to exercise discretion in interpreting its meaning and its application to this case. See Palmer v. Shawback, 21 Cal.Rptr.2d 575, 577 (Ct.App.1993) ("A court may exercise its discretion when the application of a fee clause is uncertain...."). The district court explicitly considered Article 21, and decided that under the facts of this case, including the fact that defendant prevailed on plaintiff's claims but the plaintiff prevailed on the defendant's counterclaim (such that no one was a prevailing party), neither is "justly" entitled to attorneys' fees from the other. The court had also noted that the counterclaim was not advanced until after acrimonious meetings, wasn't known to the plaintiff until after the suit was filed, and was an "obvious afterthought." Under these circumstances we cannot say that the district court abused its discretion or failed to take account of the equities in determining that Metric was not "justly entitled" to fees.
 
 II
 
 7
 Metric and Safeco contend that California law governs but that they are entitled to costs under either Cal.Civ.Proc.Code § 1032 or Fed.R.Civ.P. 54(d). As a general proposition, an award of costs is governed by federal law, under Rule 54(d). In Re Merrill Lynch Relocation Mgmt., Inc., 812 F.2d 1116, 1120 n. 2 (9th Cir.1987); see Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1168 (9th Cir.1995) (concluding that federal, not California, law governs the award of expert witness costs); see also United Cal. Bank v. THC Fin. Corp., 557 F.2d 1351, 1361 (9th Cir.1977) (applying California law with respect to attorneys' fees and Rule 54(d) with respect to costs). We review a denial of costs under Rule 54(d) for an abuse of discretion. National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir.1995). We see none here.
 
 
 8
 * Metric argues that it was a prevailing party because there was a judgment in its favor under the Local Rule, 16.2.2, but this was a mixed judgment and the district court had discretion to require each party to bear its own costs. Cf. Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir.1996) (noting that when a mixed judgment results, it is within the discretion of the district court to require each party to bear its own costs); see also Kropp v. Ziebarth, 601 F.2d 1348, 1358 n. 27 (8th Cir.1979) ("[W]hen a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties."); Srybnik v. Epstein, 230 F.2d 683, 686 (2d Cir.1956) (same). Nor is Metric a prevailing party under Local Rule 16.2.5, as it applies only when a plaintiff obtains a judgment less favorable than the settlement offer, and not when the plaintiff loses his claims outright. See Delta Air Lines. Inc. v. August, 450 U.S. 346, 352 (1981) (determining that Rule 68 is inapplicable where the defendant obtains the judgment).
 
 
 9
 Finally, the definition of "prevailing party" in Cal.Civ.Proc.Code § 1032(a)(4) is unavailing since costs are governed by federal law and any argument that the California costs statute applies is waived as it wasn't raised in the district court.
 
 B
 
 10
 Although Safeco contends that it incurred distinct deposition costs which are taxable under Local Rule 16.4.6, it submitted no evidence of such costs to the district court. We therefore decline to consider Safeco's entitlement to costs for the first time on appeal.
 
 III
 
 11
 Both parties seek attorneys' fees on appeal under the contract. Neither is justly entitled to them.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Neither party disputes that California law governs the attorneys' fee clause in this case