[No. C053595. Third Dist. July 2, 2007.]

CALIFORNIA HORSE RACING BOARD et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and MARTIN
SNEZEK, Respondents.

COUNSEL

Robert W. Daneri, Suzanne Ah-Tye and David M. Goi for Petitioners.

Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer and Craig E. Johnsen for Respondent Martin Snezek.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

**BUTZ, J.**—The California Horse Racing Board (CHRB) and the State Compensation Insurance Fund (the Fund) (collectively, petitioners) have petitioned for a writ of review from an order of the Workers' Compensation Appeals Board (WCAB) upholding a decision by which real party in interest Martin Snezek was awarded work-related disability benefits for a heart attack. Petitioners contend that the WCAB erred in applying the "heart trouble presumption" set forth in Labor Code section 3212[1] to Snezek, who worked as a special investigator for the CHRB. Having granted a writ of review, we shall now vacate the WCAB's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

Martin Snezek was employed by the CHRB as a senior special investigator. His duties primarily consisted of enforcing general laws as well as the CHRB's rules and regulations at the California Exposition raceway. Snezek worked with a small team of officers to investigate violations and, in some cases, arrested or detained suspected criminals. He also occasionally participated in

---

[1] Undesignated statutory references are to the Labor Code.

making arrests for such crimes as domestic violence, narcotics, assault with a deadly weapon, and theft crimes.

On December 14, 2003, Snezek suffered a heart attack while at home. His condition required hospitalization, a heart catheterization procedure, and placement of three stents. He testified that he did not return to work until late February 2004. Snezek testified that he had also lost a noticeable amount of strength and could not do the things he had done prior to the heart attack.

Paul Anderson, M.D., determined that the work-related stress of Snezek's job made a "medically significant" contribution to his heart condition, in addition to cigarette smoking, high blood pressure, his genetic history, and other risk factors. Dr. Anderson estimated that approximately 50 percent of Snezek's heart condition could be attributed to work-related stress. He also opined that Snezek had a 29 percent overall impairment of his heart and would need lifelong treatment.

The physician who examined Snezek for the Fund, Lou Nishimura, M.D., reported that Snezek had returned to work in the first or second week of January 2004, and that he had no permanent disability or symptoms related to the heart attack. In Dr. Nishimura's opinion, Snezek's heart attack was the result of obesity, smoking, hypertension, genetics, and physical deconditioning, and would have occurred regardless of his employment as a special investigator.

Applying the heart trouble presumption of section 3212, the workers' compensation administrative law judge (WCJ) found that Snezek was totally disabled from December 14, 2003, to January 16, 2004, due to his heart attack. He also found that Snezek would need further medical treatment as a result of the heart condition but there was no permanent disability associated with the condition. Snezek was awarded backpay for the weeks he was totally disabled and reimbursement for continuing medical expenses.

The Fund and the CHRB filed a petition for reconsideration, contending that Snezek was not covered by the statutory heart trouble presumption. The WCJ denied the petition and the WCAB adopted the findings of the WCJ.

## DISCUSSION

In his written decision, the WCJ ruled that Snezek qualified for the heart trouble presumption under section 3212. This statute grants specified groups of police and firefighting public employees a "disputable" presumption that "heart trouble" manifesting itself during employment has arisen out of and in the course of that employment. The WCJ explained that, while Snezek

"obviously does not fit within the category of one who was a member of a sheriff's office, the California Highway Patrol or a police department of a city or county," he had *"duties equivalent to a police officer* for a 'political subdivision,' "[2] by virtue of being in "active law enforcement," making arrests, and enforcing sections of the Penal Code and other laws and regulations. (Italics added.) Because Snezek was a police officer for a political subdivision, the WCJ ruled that the heart trouble presumption set forth in section 3212 applied and was not rebutted.

Petitioners contend that the WCJ erred in applying the heart trouble presumption to Snezek for two reasons: First, even if the WCJ was correct that Snezek qualified as a police officer of a political subdivision, the only presumption that applies to that class of employees is the *hernia presumption,* not the heart trouble presumption. Second, Snezek was *not* a "police officer" of a political subdivision because the courts have strictly construed statutory injury presumptions, and have consistently refused to accord such a presumption to those performing duties that were merely "analogous" to police officers. Because we agree with the first argument, we need not reach the second.

## I. Forfeiture of Claim

Before addressing the merits, we address Snezek's claim that petitioners are precluded from raising the argument that section 3212 does not accord police officers of political subdivisions the heart trouble presumption, because they did not raise the specific claim in the previous administrative proceedings.

■ As a general rule, issues not raised in the trial court will not be considered on appeal. However, "it is settled that a change in theory is permitted on appeal when 'a question of law only is presented on the facts appearing in the record.' " (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534]; see also *Palmer v. Shawback* (1993) 17 Cal.App.4th 296, 300 [21 Cal.Rptr.2d 575].)

■ Whether the heart trouble presumption applies to police officers of political subdivisions under section 3212 raises a question of statutory interpretation. Judicial construction of a statute is a pure question of law. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].) Thus, petitioners may

---

[2] The WCJ interpreted the term "political subdivision" to include the CHRB. Neither side disputes this assertion.

raise this argument on appeal, despite the fact that they did not raise it clearly[3] in the administrative tribunal.

## II. Section 3212 and the Heart Trouble Presumption

■ "Reviewing courts interpret statutes de novo, although the WCAB's interpretation is entitled to great weight unless clearly erroneous." (*New United Motors Manufacturing, Inc. v. Workers' Comp. Appeals Bd.* (2006) 141 Cal.App.4th 1533, 1536 [47 Cal.Rptr.3d 200] (*New United Motors*).) ■ "In interpreting a statute, courts generally look first to the plain or ordinary meaning of the statute's language to determine the Legislature's intent." (*Id.* at p. 1537.)

Section 3212 reads in relevant part: "In the case of members of a sheriff's office or the California Highway Patrol, district attorney's staff of inspectors and investigators or of *police or fire departments of cities, counties, cities and counties, districts or other public or municipal corporations or political subdivisions*, whether those members are volunteer, partly paid, or fully paid, and in the case of active firefighting members of the Department of Forestry and Fire Protection whose duties require firefighting or of any county forestry or firefighting department or unit, whether voluntary, fully paid, or partly paid, and in the case of members of the warden service of the Wildlife Protection Branch of the Department of Fish and Game whose principal duties consist of active law enforcement service, excepting those whose principal duties are clerical or otherwise do not clearly fall within the scope of active law enforcement service such as stenographers, telephone operators, and other officeworkers, the term 'injury' as used in this act includes hernia when any part of the hernia develops or manifests itself during a period while the member is in the service in the office, staff, division, department, or unit, *and in the case of members of fire departments*, except those whose principal duties are clerical, such as stenographers, telephone operators, and other officeworkers, and in the case of *county forestry or firefighting departments*, except those whose principal duties are clerical, such as stenographers, telephone operators, and other officeworkers, and in the case of *active firefighting members of the Department of Forestry and Fire Protection* whose duties require firefighting, *and in the case of members of the warden service of the Wildlife Protection Branch of the Department of Fish and Game* whose principal duties consist of active law enforcement service,

---

[3] Even though petitioners did not interpose the same legal analysis raised here, they did assert in their petition for reconsideration before the WCAB, that Snezek was not covered by the heart trouble presumption set forth in section 3212.

excepting those whose principal duties are clerical or otherwise do not clearly fall within the scope of active law enforcement service such as stenographers, telephone operators, and other officeworkers, <u>the term 'injury' includes pneumonia and heart trouble that develops or manifests itself during a period while the member is in the service of the office, staff, department, or unit.</u> *In the case of regular salaried county or city and county peace officers,* <u>the term 'injury' also includes any hernia</u> that manifests itself or develops during a period while the officer is in the service." (§ 3212, 1st par., italics, boldface and underscoring added.)

The WCJ found that Snezek was a member of the class of employees referenced in the first portion of the statute, i.e., certain employees of "police or fire departments of cities, counties, cities and counties, districts or other public or municipal corporations or political subdivisions." (§ 3212.) As indicated, the WCJ determined that since Snezek had the "duties of a police officer" and since the CHRB met the statutory definition of a "political subdivision,"[4] he should be accorded the heart trouble presumption set forth in section 3212.

■ But, as we shall explain, even if Snezek belonged to the class of "police officers" of "political subdivisions," the WCJ wrongly applied the heart trouble presumption, because the presumption granted to this class of employees relates only to *hernias*, not to heart trouble.

Section 3212 initially states that for employees of certain specified public entities (a class that we shall call Class One), the term "injury" suffered during employment includes "hernia." Included within that class are police officers of political subdivisions.

The statute then goes on to define a second class of employees (which we shall call Class Two), for which the term "injury" includes "pneumonia" and "heart trouble." Class Two consists solely of members of county forestry or firefighting departments, and fire departments, active firefighting members of the Department of Forestry and Fire Protection, and members of the warden service of the Wildlife Protection Branch of the Department of Fish and Game. Snezek clearly does not qualify as a member of Class Two.

Section 3212 then reverts to discussing hernias, stating that for regular salaried "county or city and county peace officers" the term "injury" also includes "hernia[s]."

---

[4] Section 1721 provides: " 'Political subdivision' includes any county, city, district, public housing authority, or public agency of the state, and assessment or improvement districts."

By concluding that Snezek qualified as a "police officer" of a "political subdivision," the WCJ determined that Snezek fit into Class One. However, Class One employees are accorded a work-related presumption only for hernias, not heart trouble. The second presumption, for pneumonia and heart trouble, applies *only to Class Two employees*.

This conclusion follows despite the word "and" connecting the two portions of section 3212, for two reasons:

First, section 3212.3 independently grants California Highway Patrol officers a heart trouble presumption.[5] Since highway patrol officers are expressly identified in section 3212 as members of Class One, under the WCJ's interpretation they would have received the benefit of the heart trouble presumption through section 3212. This would render section 3212.3 wholly redundant. We cannot presume the Legislature would engage in an idle act or enact a totally superfluous statutory provision. (See *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 634 [59 Cal.Rptr.2d 671, 927 P.2d 1175]; *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 22 [276 Cal.Rptr. 303, 801 P.2d 1054].)

Second, "active firefighting members of the Department of Forestry and Fire Protection whose duties require firefighting" are listed in Class One and Class Two. Likewise, "members of the warden service of the Wildlife Protection Branch of the Department of Fish and Game" are listed in both classes. If both the hernia and heart trouble presumptions applied to members of Class One, placing Fish and Game wardens and active firefighters of the Department of Forestry and Fire Protection in both classes would be unnecessary and superfluous. If possible, words of a statute " ' "should be interpreted to make them workable and reasonable [citations], in accord with common sense and justice, and to avoid an absurd result." ' " (*Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 757 [135 Cal.Rptr.2d 433].) Moreover, " '[e]very word and clause [in a statute] is given effect so that no part or provision is useless, deprived of meaning, or contradictory.' " (*New United Motors, supra*, 141 Cal.App.4th at p. 1537.)

A commonsense reading of the language of section 3212 leads us to conclude that the heart trouble presumption does not apply to police officers of political subdivisions. As employees in Class One, they are granted a *hernia* presumption, but only members of Class Two are accorded a heart

---

[5] The first paragraph of section 3212.3 reads, in relevant part: "In the case of a peace officer who is designated under subdivision (a) of Section 2250.1 of the Vehicle Code [i.e., California Highway Patrol officers] . . . the term 'injury,' as used in this division, *includes heart trouble and pneumonia which develops or manifests itself during a period while that officer is in the service of the Department of the California Highway Patrol*." (Italics added.)

trouble presumption, and there is no doubt Snezek is not a Class Two employee. Thus, even if Snezek were deemed to be a police officer of a political subdivision, the WCJ erred in applying the heart trouble presumption to his case.

At oral argument, Snezek conceded the inapplicability of section 3212, but claimed the heart trouble presumption was properly applied by virtue of section 3212.5. That section provides, in pertinent part, "In the case of a *member of a police department of a city or municipality, or a member of the State Highway Patrol,* when any such member is employed upon a regular, full-time salary, and *in the case of a sheriff or deputy sheriff, or an inspector or investigator in a district attorney's office of any county,* employed upon a regular, full-time salary, the term 'injury' as used in this division *includes heart trouble* and pneumonia which develops or manifests itself during a period while such member, sheriff, or deputy sheriff, inspector or investigator is in the service of the police department, the State Highway Patrol, the sheriff's office or the district attorney's office, as the case may be. . . . [¶] . . . [¶] The *term 'members' as used herein shall be limited to those employees of police departments, the California Highway Patrol and sheriffs' departments and inspectors and investigators of a district attorney's office who are defined as peace officers in Section 830.1, 830.2, or 830.3 of the Penal Code.*" (§ 3212.5, italics added.) Snezek claims the final sentence sweeps him into the presumption, because he met the definition of a peace officer set forth in Penal Code section 830.3, subdivision (d).

The argument is of no aid to Snezek. Section 3212.5 provides that the presumption is available to a specifically designated class of employees of city and county police departments, the California Highway Patrol, sheriffs' departments and district attorney's offices, whose members *also fit the statutory definition* of a peace officer. Qualifying as a peace officer is not enough. To be entitled to the heart trouble presumption, the member must also fit the job description and be employed by one of the law enforcement agencies specified in the earlier portions of the statute. It is undisputed that Snezek was not employed by any of the governmental agencies mentioned in section 3212.5.

Because the WCJ's award was based, in significant part, on a heart trouble presumption for which Snezek was not eligible, the error was clearly prejudicial. The cause must be remanded to determine whether Snezek's heart condition was work related, without the benefit of the presumption.

## DISPOSITION

The WCAB's order of July 26, 2006, is vacated. The matter is remanded to the WCAB for further proceedings consistent with the views expressed in this opinion.

Davis, Acting P. J., and Nicholson, J., concurred.