Filed 12/1/14  Corrigan v. Kent CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PATRICK CORRIGAN et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>JILL DORE KENT,<br><br>    Defendant and Appellant. | 2d Civil No. B247707<br>(Super. Ct. No. 1384882)<br>(Santa Barbara County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on November 12, 2014, be modified as follows:

On the listing of counsel page, add the following:  "Scafide Law Firm, PC, James F. Scafide," so that the listing of counsel reads:

> Scafide Law Firm, PC, James F. Scafide; Buynak, Fauver, Archbald
> & Spray, LLP, James F. Scafide, Shannon E. DeNatale for Defendant and
> Appellant.
>
> McCarthy & Kroes, R. Chris Kroes, Matthew F. Janowicz for
> Plaintiffs and Respondents.

There is no change in the judgment.

Filed 11/12/14  Corrigan v. Kent CA2/6 (unmodified version)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PATRICK CORRIGAN et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> JILL DORE KENT, <br><br> Defendant and Appellant. | 2d Civil No. B247707 <br> (Super. Ct. No. 1384882) <br> (Santa Barbara County) |

Defendant Jill Dore Kent appeals an order awarding Patrick Corrigan and Margaret Mary Ingalls attorney fees in their injunctive relief action against her.  Plaintiffs alleged Kent violated a city view ordinance, and they obtained a stipulated judgment in their favor.  The trial court awarded plaintiffs' attorney fees.  We affirm.

FACTS

Plaintiffs filed a complaint for injunctive relief against Kent, "individually and as [t]rustee" of the Jill Dore Kent Living Trust.  They alleged that Kent owned a home next to their property, on which a large oak tree on Kent's property obstructed their view of the ocean, a violation of Santa Barbara City view ordinance No. 5220.  The ordinance established "the right of a real property owner to preserve scenic views and access to sunlight free from unreasonable obstructions caused by the growth of trees under circumstances where such views and sunlight access existed prior to the growth of the unreasonable obstruction."  Plaintiffs sought an order reducing the size of Kent's tree.

In her answer, Kent alleged she had a right to maintain that tree because the relief sought was not consistent with the city's view ordinance.

Plaintiffs propounded requests for admissions to Kent. Request No. 5 asked her to admit that plaintiffs "have satisfied the procedural prerequisites of the VIEW ORDINANCE in order to file their COMPLAINT." Requests Nos. 7-9 asked Kent to admit that the growth of her oak tree obstructed plaintiffs' scenic views. Request No. 17 asked her to admit that she "intentionally maintained the OAK TREE in order to cultivate its growth into the scenic views claimed by PLAINTIFFS in their COMPLAINT." Request No. 12 asked her to admit that "the reduction of the OAK TREE" on her property within the specifications plaintiffs sought "does not violate the limitations for reduction of the OAK TREE as set forth under the TREE PRESERVATION ORDINANCE." Other requests asked her to admit that the reduction in the size of the tree they sought did not violate the City's view ordinance and would not significantly alter or damage the tree.

Kent did not file a response to the requests for admissions by the October 5, 2012, deadline. On November 29, 2012, the trial court granted plaintiffs' motion to deem those requests admitted.

Kent served a notice to take the deposition on plaintiff Patrick Corrigan. Her counsel filed a motion to continue discovery cutoff dates and to continue the trial date contending he needed more time for discovery. On December 14, 2012, the trial court denied Kent's motion and stated, "In view of the order deeming the requests for admission admitted, the court sees no reason to continue the matter since *most of the substantive issues have been resolved*." (Italics added.) "'We cannot permit the courts to become a sanctuary for chronic procrastination and irresponsibility . . . .'"

Kent's counsel did not appear for the "readiness & settlement" conference.

On the date set for trial, the parties settled the case and signed a stipulation "for entry of judgment." The stipulation provided: 1) plaintiffs were entitled "to view restoration and view restoration remedies provided [in Ordinance No. 5220]"; 2) the

2.

height of the oak tree on Kent's property would be reduced within five "business days" by a "supervising arborist"; 3) Kent would provide access to her property for that purpose. The stipulation also contained an attorney fee provision designating plaintiffs as the "prevailing party in this action." The trial court approved the stipulation and entered judgment based on its terms.

Several weeks later, plaintiffs filed a motion to "enforce" the "settlement agreement" and judgment. They said Kent denied access to the supervising arborist and deliberately obstructed the agreed reduction of the oak tree.

In her opposition, Kent claimed the stipulated judgment conflicted with city ordinances, and therefore the trial court "has no jurisdiction to order the pruning or cutting of trees governed by the Tree Preservation Ordinance."

The trial court ruled that Kent's objections were without merit and that reducing the size of the oak tree was not "prohibited by any City ordinance." It said Kent's "refusal to permit the reduction in the subject oak tree ordered in the court's judgment indicates that she did not intend to permit the reduction to which she agreed and which the court ordered." The court granted plaintiffs' motion to enforce the settlement agreement and judgment. Kent appealed that order. She abandoned that appeal less than three weeks later.

Plaintiffs filed a motion for attorney fees. Kent did not file an opposition. At the hearing on the motion, Kent's trial counsel left word that he was in the courthouse handling a criminal matter and would be "back at 10:30." He did not return at that time. The trial court continued the hearing to the afternoon session. When the court called the case that afternoon, Kent's counsel was not present.

The trial court ruled there were two grounds to support an award of attorney fees to plaintiffs: 1) Kent's actions required plaintiffs to litigate issues that had been deemed admitted in the requests for admissions (Code Civ. Proc. § 2033.420, subd. (a)), and 2) the stipulated judgment contained an attorney fee provision. It granted the motion and awarded attorney fees in the amount of $27,524.50.

3.

DISCUSSION

*Entitlement to Attorney Fees*

Kent contends the trial court erred by awarding attorney fees to plaintiffs. The parties disagree as to whether fees could be awarded under Code of Civil Procedure section 2033.420, subdivision (a) for a discovery violation. We need not decide that issue. There is an attorney fee provision in the stipulated judgment.

*Attorney Fees Authorized by the Stipulation for Judgment*

Kent contends attorneys fees may not be awarded based on the attorney fee clause in the stipulation for judgment. We disagree.

"[P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves . . . ." (*Palmer v. Shawback* (1993) 17 Cal.App.4th 296, 299.) A settlement or a written stipulation in litigation may provide the basis for the prevailing party to be awarded attorney fees. (*County of Sacramento v. Sandison* (2009) 174 Cal.App.4th 646, 649-651.)

Here the stipulation for judgment has an attorney fee provision. It provides in relevant part, "[T]he *prevailing Party shall be entitled to collect*, in addition to all other relief, *its reasonable attorney fees* and costs." [Italics added] "In the event Plaintiffs are required to serve any notice on Defendant because of breach of the terms of this Judgment by Defendant, then shall Plaintiffs *be entitled to their reasonable attorney fees* and costs related to the preparation and service of such notice." It also provides, "With regard to the Plaintiffs' claim for attorney fees and costs arising out of this pending action, *Plaintiffs are a prevailing party in this action*, and their claim and entitlement to such fees and costs shall be resolved by Plaintiffs' filing a Notice of Motion for Fees and Costs, and Defendant shall have the right to lodge any objections to the items claimed. Once determined by the Court, the fees and costs approved *will be added to this Judgment*." (Italics added.)

These provisions show the parties agreed that the prevailing party was entitled to attorney fees and that plaintiffs had prevailed. They also agreed plaintiffs

4.

were entitled to fees for having to file a motion to enforce the judgment. Courts will enforce the parties' "freedom to contract" where they stipulate to an attorney fee provision for the prevailing party as part of a settlement agreement. (*County of Sacramento v. Sandison*, *supra*, 174 Cal.App.4th at p. 651.) Moreover, here the right to fees was approved by the court when it signed the stipulation for judgment. The trial court did not err by ruling plaintiffs were entitled to attorney fees.

*Were the Fees Excessive?*

Kent contends the award of attorney fees was excessive. The trial court awarded $27,524.50 in fees.

An appellant has a burden to demonstrate that the court abused its discretion in awarding fees. "[T]he trial court has broad authority to determine the amount of a reasonable fee." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "'The "experienced trial judge is the best judge of the value of professional services rendered in his court . . . ."'" (*Ibid.*) Consequently, "'[t]he amount to be awarded in attorney's fees is left to the sound discretion of the trial court.'" (*Ibid.*) That determination "'will not be disturbed unless the appellate court is convinced that it is clearly wrong.'" (*Ibid.*)

The motion for attorney fees was supported by a declaration from plaintiffs' counsel. Counsel attached an itemized time record showing the specific services rendered, the dates and time spent for each service, and the hourly rates. As a general rule, counsel should normally recover a fee for "all hours reasonably spent." (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 446.)

Kent claims the services were duplicative and unnecessary. But she did not object or contest the rates, the hours, or the services in the trial court. She did not file an opposition to the motion for fees, and her counsel did not appear at the hearing. She made no showing to permit the trial court to determine why fees were excessive. That is fatal to her newly raised objections to the award on appeal. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th

550, 564 ["Failure to raise specific challenges in the trial court forfeits the claim on appeal" regarding alleged excessive attorney fees]; *City of Santa Paula v. Narula* (2003) 114 Cal.App.4th 485, 494 [failure to raise objections about unnecessary attorney fees in the trial court waives the issue on appeal]; *Haskell v. Carli* (1987) 195 Cal.App.3d 124, 129 [objections must first be raised in the trial court].) The initial judgment was the result of a stipulation. But that did not occur until the day of trial. Plaintiffs should not be denied fees for time reasonably spent preparing for that trial and responding to Kent's challenges to the judgment. The size of the award is not unreasonable given the effort required to obtain the judgment and defend it.

We have reviewed Kent's remaining contentions and we conclude she has not shown error.

*Attorney Fees on Appeal*

Plaintiffs contend they are entitled to an award of attorney fees for this appeal. They claim "[t]his appellate proceeding arose out of the terms of the Stipulation and Judgment" entered by the trial court.

But any claim for such fees should initially be raised in the trial court. (*Palmer v. Shawback*, *supra*, 17 Cal.App.4th at p. 301*; Citizens Assn. for Sensible Development of Bishop Area v. County of Inyo* (1985) 172 Cal.App.3d 151, 176.)

The order is affirmed. Costs on appeal are awarded to plaintiffs (respondents on appeal).

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

6.

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____


Buynak, Fauver, Archbald & Spray, LLP, James F. Scafide, Shannon E. DeNatale for Defendant and Appellant.


McCarthy & Kroes, R. Chris Kroes, Matthew F. Janowicz for Plaintiffs and Respondents.