Filed 8/12/22  Hao v. Wang CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| LIU HAO,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>AILING WANG,<br><br>        Defendant and Appellant. | B306737<br><br>(Los Angeles County<br>Super. Ct. No. 20PSCP00134) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Gloria L. White-Brown, Judge.  Reversed and remanded with directions.

        Law Offices of Ann C. Schneider and Ann C. Schneider for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

———————————————

Liu Hao, a tenant, sought a civil harassment restraining order under Civil Procedure section 527.6 against his landlord Ailing Wang.[1] The trial court granted the restraining order, and also awarded Hao $500 in special damages and $2,000 in damages for pain and suffering.

Wang appeals, arguing that the award of damages in addition to injunctive relief is not supported by the language and purpose of section 527.6. Wang also claims that the trial court's award of attorney's fees and costs was an abuse of discretion because it was predicated on its unauthorized award of damages to Hao under section 527.6.[2]

We agree with Wang that section 527.6 did not permit the trial court to award damages. In *Olson v. Doe* (2022) 12 Cal.5th 669 (*Olson*), our Supreme Court recently clarified that damages are not an available remedy in a suit under section 527.6 for injunctive relief.

As to attorney's fees, Wang forfeited her arguments on appeal by not opposing Hao's motion for attorney's fees and costs before the trial court. However, our reversal of the appealed order, which the subsequent attorney's fees award is based on, compels the reversal of the fee order on remand.

We reverse and remand with instructions.

---

[1]  Undesignated statutory references herein are to the Code of Civil Procedure.

[2]  Hao did not file an opposition brief or otherwise respond to Wang's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2020, Hao filed a petition for a civil harassment restraining order against Wang, seeking personal conduct orders, stay-away orders, a temporary restraining order, attorney's fees and costs, and damages for pain and suffering and medical expenses. The petition arose from a dispute between Hao, a tenant, and Wang, a landlord, in which Hao accused Wang of "hiding her identity, peeping, and trespassing into Hao's room multiple times," and harassing and threatening him on several occasions. Wang also allegedly closed a door on Hao's toe, causing an injury requiring surgical treatment.

The trial court held a hearing on the petition in June 2020. It then issued the petitioned for civil harassment restraining order, using the form order approved by the Judicial Council of California. On the form order, the trial court checked the box indicating "[a]dditional orders are attached at the end of this Order on Attachment 11." The orders in Attachment 11 are for $500 for medical costs and $2,000 for pain and suffering, and for attorney's fees and costs, with plaintiff's counsel to submit a memorandum and declaration regarding fees and costs.

On July 20, 2020, Wang timely filed a pro se notice of appeal.

On August 25, 2020, Hao filed a motion for attorney's fees and costs with the trial court. Wang did not file an opposition to that motion, nor appear at the hearing on the motion. The minute order states that Hao was to submit a proposed order and give notice of the ruling to Wang. There is no evidence in the record that Hao took these actions or that a formal judgment or order regarding attorney's fees was issued.

3

## DISCUSSION

## I.  Damages Are Not Available Under Section 527.6

Wang argues that section 527.6 does not permit the recovery of damages as a remedy, citing the plain text of section 527.6, rules of statutory construction, and the need to avoid unconstitutional and absurd results. Wang asserts that the trial court's award of damages constituted prejudicial error under section 475. We agree.

While this appeal was pending, our Supreme Court addressed this issue in *Olson, supra,* 12 Cal.5th 669, making clear that damages are not an available remedy for a successful section 527.6 petition. "[S]ection 527.6 provides a specialized procedure for a petitioner who has suffered harassment within the meaning of the statute to expeditiously seek a limited judicial remedy — injunctive relief to prevent threatened future harm . . . . A petitioner who also desires retrospective relief in connection with the same underlying conduct, such as tort damages, must do so separately." (*Olson, supra,* at p. 673.) The *Olson* court elaborated: "That the petitioner in a section 527.6 proceeding has no ability to seek, and the court has no authority to order, redress of past wrongs through damages or otherwise does not mean that a petitioner waives the right to separately seek such other remedies merely by utilizing this specialized statutory procedure for imminent injunctive relief. To the contrary, the statute expressly provides that 'a petitioner' is 'not preclude[d] from using other existing civil remedies.' [Citation.]" (*Olson, supra,* 12 Cal.5th at p. 682.)

In sum, the trial court could not order retrospective relief through the section 527.6 petition process and committed prejudicial error by awarding monetary damages to Hao.

4

Hao may seek damages using other civil remedies, but not through the section 527.6 petition process. (*Olson*, *supra*, 12 Cal.5th at p. 682.)

## II. Attorney's fees

### A. Separate Appeal Not Necessary

A post-judgment order awarding attorney's fees is separately appealable. (§ 904.1, subd. (a)(2).) Wang did not file a separate appeal of the tentative order granting Hao's motion for attorney's fees and costs.[3] Wang concedes this, but argues that her appeal of the trial court's prior order on the petition encompasses the second order on the fees and costs. We agree. When the appealed order awards attorney's fees, but does not determine the amount, the appeal from the first order encompasses the subsequent order. (*Golightly v. Molina* (2014)

---

[3] There is nothing in the record indicating that the trial court issued a final judgment on attorney's fees, so Wang also argues in the alternative that her arguments may be premature. When the only impediment to appealability is the trial court's failure to enter an appealable judgment, we may construe a preliminary order as a judgment to prevent unnecessary delay and treat the appeal as taken from that preliminary order. (See, e.g., *Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 571 ["[W]e deem the rulings to incorporate a judgment of dismissal"]; *Estate of Dito* (2011) 198 Cal.App.4th 791, 800 ["No purpose would be served by dismissing the appeal and requiring appellants to file a new appeal after securing a judgment . . . "]; *Sarah B. v. Floyd B.* (2008) 159 Cal.App.4th 938, 940, fn. 2.) We construe the order on the attorney's fees here as a judgment in the interests of efficiency, which is particularly appropriate here given our subsequent finding that Wang forfeited her attorney's fees arguments by not objecting to the motion below.

229 Cal.App.4th 1501, 1520–1521; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.) Here, the appealed order granting the civil harassment restraining order states under "other orders": "attorney's fees and costs to be determined."

### B. Wang Forfeited Her Arguments on Appeal

Wang did not file an opposition to Hao's motion for attorney's fees, nor appear at the hearing on that motion, so she has forfeited any arguments regarding the trial court erroneously granting that motion. "A failure to oppose a motion may be deemed a consent to the granting of the motion." (Cal. Rules of Court, rule 8.54(c).) Generally, a "[f]ailure to register a proper and timely objection to a ruling or proceeding in the trial court waives the issue on appeal." (*Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602.) This can be true in the case of attorney's fees where the party failed to oppose the motion below. (See *Findleton v. Coyote Valley Band of Pomo Indians* (2018) 27 Cal.App.5th 565, 569.)

Our Supreme Court has made clear that an "appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) We exercise this rare discretion when the claim of error is legal and the facts are undisputed, particularly where there is a substantive defect asserted, such as jurisdiction. (See *Palmer v. Shawback* (1993) 17 Cal.App.4th 296, 300 [considering new theory of recovery for attorney's fees on appeal where question was one of law only]; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶ 8:272 [question of law on undisputed evidence may be considered on appeal for first time

where there is a "noncurable substantive defect (e.g., lack of jurisdiction or failure to state a cause of action) or a matter affecting the public interest or administration of justice"].) Wang does not argue that this is a rare case where we should decline to find forfeiture. She does not explain why she failed to oppose the motion or appear at the hearing, nor argue that this is an important legal issue.

### C. Modification of Attorney's fees on Remand Due to Reversal of Underlying Judgment

Regardless of Wang's failure to preserve the issue of attorney's fees, our decision changes the potential basis for the award of fees. The trial court determined that Hao is entitled to fees and costs based on a decision that awarded both injunctive relief and damages. Section 527.6, subdivision (s) authorizes an award of attorney's fees to the prevailing party. The record is silent as to the extent to which the trial court based the attorney's fees on its erroneous award of damages. The reversal of a judgment underlying a subsequent attorney's fees award compels the reversal of the fees order—whether or not it was separately appealed—when the first judgment determined the entitlement to fees. (See *Ulkarim v. Westfield LLC* (2014) 227 Cal.App.4th 1266, 1282; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶¶ 11:68.2-11:68.2a. ["Where the underlying judgment determines entitlement to fees and provides for later determination of the amount to be awarded, a notice of appeal from the judgment subsumes the subsequent order setting the amount of fees, which need not be separately appealed"].) As discussed above, the appealed order awarded attorney's fees and costs in the additional orders in Attachment 11, but did not determine the

amount.  Moreover, in the subsequent minute order on the motion for attorney's fees and costs, the court explicitly found that Hao was "entitled" to fees and costs citing, among other things, its prior award of damages in Attachment 11 of the appealed order.  On remand, the trial court can determine whether the elimination of damages alters an award of attorney's fees under section 527.6, subdivision (s).

## DISPOSITION

The order is reversed and remanded.  On remand, the trial court should vacate the award of special and general damages, without prejudice.  It should also reconsider the related attorney's fees and costs award and decide whether fees and costs should be awarded, and if so, in what amount, based solely on the order granting the petition for a civil harassment restraining order.  Fees and costs are only available under section 527.6, subdivision (s).  Appellant Wang is entitled to costs on appeal.


HARUTUNIAN, J.[*]

We concur:


GRIMES, Acting P. J.



WILEY, J.

---

[*]      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8